1
2
3
4
5
6
7            IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   JEFFERY E. WALKER,                    )
                                           )
11           Plaintiff(s),                 )    No. C 08-1264 CRB (PR)
                                           )
12        vs.                              )    ORDER OF DISMISSAL
                                           )
13   SAN FRANCISCO COUNTY JAIL,            )
                                           )
14           Defendant(s).                 )
                                           )
15

16      Plaintiff, a prisoner at the California Medical Facility in Vacaville, has
17   filed a pro se complaint under 42 U.S.C. § 1983 alleging unlawful deprivation of
18   property.

19                              **DISCUSSION**
20   A.   Standard of Review
21      Federal courts must engage in a preliminary screening of cases in which
22   prisoners seek redress from a governmental entity or officer or employee of a
23   governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable
24   claims or dismiss the complaint, or any portion of the complaint, if the complaint
25   "is frivolous, malicious, or fails to state a claim upon which relief may be
26   granted," or "seeks monetary relief from a defendant who is immune from such
27   relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however.
28   Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 US 42, 48 (1988).

B.   Legal Claims

A negligent or intentional deprivation of a state prisoner's property fails to state a due process claim under § 1983 if the state has an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). California Law provides such an adequate post-deprivation remedy for deprivations of property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations of unlawful deprivation of property fail to state a claim cognizable under § 1983. See id. at 817.[1]

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b)

The clerk shall enter judgment in favor of defendants and close the file.

SO ORDERED.

DATED: March 14, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Walker, J4.dismiss.wpd

---

[1] A prisoner is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY E. WALKER,

        Plaintiff,

  v.

SF COUNTY JAIL et al,

        Defendant.
                                  /

Case Number: CV08-01264 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery E. Walker F-11343
CMF
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: March 14, 2008

                                      Richard W. Wieking, Clerk
                                      By: Barbara Espinoza, Deputy Clerk